Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                  | 2010 TSPR 125 |
|-------------------------|---------------|
| Marlene Aponte Cabrera  | 179 DPR ____  |

Número del Caso: AB-2006-166
AB-2006-312
AB-2007-213
AB-2007-248
AB-2007-292
AB-2007-306
AB-2008-026
AB-2008-175
AB-2008-226
AB-2009-129
AB-2009-232

Fecha: 13 de mayo de 2010

Abogado de la Querellada:

        Por Derecho Propio

Oficina del Procurador General:

        AB-2006-166
        Lcda. Ileana Oliver Falero
        Subprocuradora General Iterina

        AB-2006-312
        Lcda. Edna E. Rodríguez Benítez
        Procuradora General Auxiliar

        AB-2007-213
        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

        AB-2007-292
        Lcda. Leticia Casalduc Rabell
        Subprocuradora General

        AB-2008-26
        Lcda. Ileana Oliver Falero
        Subprocuradora General Interina

        AB-2008-226
        Lcda. Zaira Z. Girón Anadón
        Subprocuradora General

Materia: Conducta Profesional
(La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| | AB-2006-166 | |
| | AB-2006-312 | Conducta |
| Marlene Aponte Cabrera | AB-2007-213 | Profesional |
| | AB-2007-248 | |
| | AB-2007-292 | |
| | AB-2007-306 | |
| | AB-2008-026 | |
| | AB-2008-175 | |
| | AB-2008-226 | |
| | AB-2009-129 | |
| | AB-2009-232 | |

PER CURIAM

San Juan, Puerto Rico, a 13 de mayo de 2010.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

La Lcda. Marlene Aponte Cabrera, en adelante licenciada Aponte Cabrera, fue admitida al ejercicio de la abogacía el 19 de enero de 1989. Se han presentado numerosas Quejas en contra de la licenciada Aponte Cabrera, las que procedemos a resumir. Destacamos las Quejas AB-2007-0213, AB-2007-0306, AB-2008-26, AB-2008-0175, AB-2008-0226 y AB-2009-0129, para las cuales la letrada no ha comparecido.

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

La **Queja Núm. AB-2006-166** del 2 de junio de 2006 fue instada por un confinado, el Sr. Carlos J. Burgos Morales. En dicha Queja el quejoso alegó que su padre Carlos J. Burgos Cruz había contratado los servicios de la licenciada Aponte Cabrera para que lo representara en el Caso Crim. Núm. 1 V1 2002-G-0039 (asesinato). A tales efectos, el padre del confinado pagó la suma de diez mil dólares ($10,000) a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Durante su representación legal la licenciada Aponte Cabrera entrevistó al confinado en dos (2) ocasiones en la institución carcelaria donde se hallaba recluido. Se quejó el confinado que la licenciada Aponte Cabrera en dichas entrevistas nunca le llevó información sobre su caso, limitándose a ofrecerle la misma declaración que él le había expresado. Ante lo anterior, alegó que le solicitó la renuncia a la licenciada Aponte Cabrera y que le devolviera los honorarios pagados. Indicó en la Queja que la licenciada Aponte Cabrera nunca le devolvió las llamadas efectuadas, quedándose con el dinero.

Presentada la Queja el 8 de agosto de 2006, le ordenamos a la licenciada Aponte Cabrera que emitiera su contestación. Ante su incomparecencia, reiteramos nuestro petitorio el 14 de septiembre de 2006. El 25 de septiembre de 2006, compareció ante este Foro. Planteó que la habían contratado para auscultar la posibilidad de

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

instar una moción de nuevo juicio y que los familiares del confinado se habían tardado en conseguirle el expediente del caso. Sobre el pago efectuado acotó, sin informar la cantidad recibida, que no llegó a los diez mil dólares ($10,000).

Ante lo anterior la Queja fue referida al Procurador General para la correspondiente investigación e Informe. El 20 de junio de 2007, el Procurador General remitió su Informe notificándonos que la licenciada Aponte Cabrera no había sido responsiva a sus requerimientos. Dicho funcionario había requerido un desglose detallado de la labor realizada por la licenciada Aponte Cabrera. Mediante Orden emitida el 3 de julio de 2007, concedimos término a la licenciada Aponte Cabrera para que compareciera ante el Procurador General. El 26 de septiembre de 2007, compareció nuevamente este funcionario, notificando que la licenciada Aponte Cabrera no había cumplido con nuestro requerimiento, por lo que no había podido evaluar la Queja instada. El 20 de noviembre de 2007, la licenciada Aponte Cabrera compareció y ofreció un estimado del tiempo dedicado al caso. El 8 de enero de 2008, el Procurador General emitió su Informe. Apuntó que el confinado presentó evidencia del pago de los diez mil dólares ($10,000) mediante depósito a la cuenta bancaria de la licenciada Aponte Cabrera. A su vez, que ante lo alegado por la licenciada Aponte Cabrera del trabajo

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

realizado la suma cobrada había sido excesiva, a razón de ciento noventa y dos dólares ($192.00) por hora. Surge del Informe, también, que el confinado peticionó la renuncia de la licenciada Aponte Cabrera, sin resultado alguno.

La licenciada Aponte Cabrera remitió sus objeciones al Informe del Procurador General. Reiteró que, a su mejor recuerdo, la suma pagada había sido de siete mil dólares ($7,000). En cuanto a su gestión profesional acotó que no había encontrado nueva prueba a fin de hacer el petitorio de nuevo juicio al Tribunal de Primera Instancia.

En la tramitación de esta Queja y, ante su incomparecencia ofreció numerosas excusas, a saber, que la primera correspondencia no había sido contestada toda vez que su correo se divide en dos (2), regular y certificado, y que por error humano no se había verificado el lado donde se almacenaba la correspondencia certificada. Otras de las excusas ofrecidas fue que sufrió una intoxicación con ácido úrico que la llevó a estar en silla de ruedas.

Las direcciones a las que se le remitieron los documentos relativos a esta Queja fueron: 271 Sierra Morena MSC 128, Las Cumbres, San Juan, Puerto Rico, 00926 (14 de septiembre de 2006) y 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (13 de mayo de 2008).

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

En la **Queja AB-2006-312** instada por la Sra. Alejandra Martínez, la quejosa alegó que había contratado los servicios de la licenciada Aponte Cabrera para que la representara en un caso contra el Departamento de Educación. A tales efectos, la quejosa pagó la suma de quinientos dólares ($500) a la licenciada Aponte Cabrera en concepto de adelanto. Planteó que, luego de contratado los servicios, no volvió a saber de la licenciada Aponte Cabrera, hasta transcurridos once (11) meses. En dicha ocasión la quejosa discutió con la licenciada Aponte Cabrera la Demanda a ser incoada. Al momento de la presentación de la Queja no había recibido copia de la Demanda ni la licenciada Aponte Cabrera se había comunicado con ella, a pesar de que la quejosa le remitió varias cartas a la letrada. Peticionó la devolución del dinero dado en adelanto.

Presentada la Queja el 16 de noviembre de 2006, le ordenamos a la licenciada Aponte Cabrera que emitiera su contestación. El 13 de febrero de 2007, la licenciada Aponte Cabrera, mediante Moción, expresó que igual Queja había sido incoada ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico por lo que acompañó copia de su contestación para nuestra consideración. Del documento se desprende que había recibido la cantidad señalada, así como que durante unos meses de verano estuvo enferma por la intoxicación con ácido úrico y después por

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

un accidente de tránsito que tuvo. Argumentó que se reunió con la quejosa haciéndosele los cambios al borrador de la Demanda y que ésta quedó en remitirle un giro postal para los gastos de presentación de la Demanda, el cual nunca fue recibido.

Ante lo anterior, la Queja fue referida al Procurador General para la correspondiente investigación e Informe. El Procurador General solicitó una prórroga, la cual concedimos. Al momento, el Procurador General no ha remitido su Informe.

La dirección a la que se le remitió los documentos relativos a esta Queja fue: 271 Sierra Morena MSC 128, Las Cumbres, San Juan, Puerto Rico, 00926 (13 de febrero de 2007). A su vez, se le remitieron a otra dirección (24 de julio de 2008), la cual por seguridad, conforme detallamos adelante, no proveeremos.

La **Queja AB-2007-213** fue presentada contra la licenciada Aponte Cabrera por un confinado, señor Josúe Ortiz Colón. En dicha Queja alegó que, conoció de la licenciada Aponte Cabrera por la televisión, y que gestionó una entrevista con ella. El 31 de diciembre de 2003, conforme acotó, la licenciada Aponte Cabrera le expresó que suscribiría un contrato con sus padres. Los honorarios a ser cobrados incluirían la contratación de un investigador privado. Planteó que, posteriormente, el investigador les facturó a sus padres, quienes no pagaron.

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

Ante lo anterior, alegó que le solicitó la renuncia a la licenciada Aponte Cabrera y que le devolviera los honorarios pagados. Indicó en la Queja que la licenciada Aponte Cabrera nunca le devolvió las llamadas efectuadas ni le devolvió el dinero.

Presentada la Queja el 8 de agosto de 2007, le ordenamos a la licenciada Aponte Cabrera emitiera su contestación. Dicha correspondencia fue devuelta a este Foro. El 20 de septiembre de 2007, reiteramos nuestro petitorio. El 28 de septiembre de 2007, compareció ante nos mediante escrito notificando cambio de dirección por ciertas amenazas recibidas.

El 9 de octubre de 2007 remitimos nuestra Orden a la nueva dirección. El 20 de febrero de 2008, mediante Resolución al efecto, concedimos diez (10) días para que la licenciada Aponte Cabrera compareciera. Allí le apercibimos de las posibles sanciones que podríamos tomar ante su incomparecencia.

El 4 de abril de 2008, la licenciada Aponte Cabrera compareció. Planteó que la Queja instada era frívola, que se le contrató para evaluar la posibilidad de presentar en el caso criminal del confinado una moción de nuevo juicio. Evaluado el caso señaló que no pudo encontrar prueba que sustentara la moción. No obstante, presentó un recurso de revisión de una determinación de la Administración de Corrección que fue desestimada. Cabe apuntar que la

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

dirección que obra en el documento es la de la Urb. Lomas Verdes.

Ante lo anterior la Queja fue referida al Procurador General para la correspondiente investigación e Informe. El 9 de junio de 2008, el Procurador General solicitó término para rendir su Informe. El 20 de agosto de 2008, el Procurador General remitió un Escrito Informativo señalando que había tratado de comunicarse con la licenciada Aponte Cabrera sin éxito. Dicha comunicación fue remitida a ambas direcciones por correo regular y correo certificado. A dicha fecha, la licenciada Aponte Cabrera no había sido responsiva. Mediante Orden emitida el 9 de septiembre de 2008, concedimos término a la licenciada Aponte Cabrera para que compareciera ante el Procurador General. El 17 de diciembre de 2008, el Procurador General informó que no había recibido comunicación de la licenciada Aponte Cabrera.

La dirección a la que se le remitieron los documentos relativos a esta Queja fue: 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (8 de agosto de 2007 (devuelta por el Correo *unclaimed*) y 20 de septiembre de 2007). El 28 de septiembre de 2007 compareció notificando la dirección de la Urb. Las Lomas. Posteriormente, compareció el 4 de abril de 2008 ofreciendo la nueva dirección confidencial. Obra en el

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

expediente que el Procurador General remitió comunicación a esta última dirección.

En la **Queja AB-2007-248** la Sra. Asberly Morales Ramírez alegó que la licenciada Aponte Cabrera no la orientó adecuadamente y no compareció a los señalamientos ante el Tribunal de Primera Instancia. Del escrito se desprende que peticionó el expediente y que la licenciada Aponte Cabrera no se lo había entregado, ni tampoco había renunciado a la representación legal que ostentaba. Surge del expediente, que notificada la Queja, la quejosa presentó una Moción Solicitando Desistimiento, porque deseaba que la licenciada Aponte Cabrera continuara representándola.

En esta etapa cabe apuntar que nos llama la atención que el primer escrito de la quejosa fue a manuscrito mientras que el petitorio del desistimiento fue en computadora, siguiendo el mismo formato de todos los escritos que obran en el voluminoso expediente de la licenciada Aponte Cabrera.

Posteriormente, archivamos la Queja incoada. No obstante, el 5 de marzo de 2008, la quejosa solicitó reabriéramos el caso toda vez que la licenciada Aponte Cabrera no le había entregado su expediente, ni había renunciado al caso. No surge del expediente que la licenciada Aponte Cabrera tuviera conocimiento de esta nueva misiva.

AB-2006-166     AB-2007-248     AB-2008-026     AB-2009-129
AB-2006-312     AB-2007-292     AB-2008-175     AB-2009-232
AB-2007-213     AB-2007-306     AB-2008-226

La dirección que se remitió la documentación de esta Queja fue a 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (20 de noviembre de 2007).

La **Queja Núm. AB-2007-292** del 19 de septiembre de 2007 fue instada por la señora Carmen I. Medina Rosa. En dicha Queja la quejosa alegó que había contratado los servicios de la licenciada Aponte Cabrera para que representara a un confinado. A tales efectos, le adelantó la suma de doscientos cincuenta dólares ($250) a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Al momento de instar la Queja no había tenido conocimiento de movimiento alguno del caso, ni la licenciada Aponte Cabrera le contestaba las llamadas telefónicas. Ante lo anterior, peticionó que se le devolviera el expediente.

Presentada la Queja el 22 de octubre de 2007, le ordenamos a la licenciada Aponte Cabrera que emitiera su contestación. Ante su incomparecencia el 23 de enero de 2008, reiteramos nuestro petitorio para que respondiera en un término de diez (10) días. Transcurrido el término concedido, el 4 de abril de 2008, compareció ante este Foro. Planteó que la quejosa sólo había acudido en una ocasión a su oficina, dejando el depósito y que no había tenido más comunicación con ella hasta la presentación de la Queja, tres (3) años más tarde. Acotó que devolvería

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

el depósito y solicitó término de treinta (30) días para ubicar el expediente.

Ante lo anterior el 6 de octubre de 2008, la Queja fue referida al Procurador General para la correspondiente investigación e Informe. El 5 de febrero de 2010, el Procurador General remitió su Informe notificándonos que la licenciada Aponte Cabrera no había comparecido ante dicho funcionario.

La dirección que se remitió la documentación de esta Queja fue a 803 Ave. San Patricio, Urb. Las Lomas, San Juan, Puerto Rico, 00921 (22 de octubre de 2007 y 23 de enero de 2008). Al contestar la licenciada Aponte Cabrera utilizó la dirección confidencial (la contestación se remitió casi cinco (5) meses desde nuestro requerimiento).

La **Queja AB-2007-306** fue presentada por el señor Luis A. Rodríguez Carmona el 10 de septiembre de 2007. El quejoso alegó que le entregó a la licenciada Aponte Cabrera la suma de diez mil dólares ($10,000) para que "cooperará en la apelación de su sentencia". Expresó que su abogado le señaló que la licenciada Aponte Cabrera nunca se unió al caso. Surge del expediente del caso que la licenciada Aponte Cabrera sometió ante el Tribunal de Primera Instancia dos (2) mociones informativas, a saber, asumiendo la representación legal del quejoso y la segunda informando que se habían recibido las copias de la regrabación del juicio. Aunque los familiares del

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

confinado y éste le habían reclamado el dinero, dichas gestiones fueron infructuosas.

El 23 de enero de 2008 ordenamos a la licenciada Aponte Cabrera que contestara las alegaciones del quejoso. Debido a que la correspondencia fue devuelta, cursamos una segunda comunicación. Mediante Resolución de 30 de abril de 2008, notificada personalmente el 13 de mayo de 2008, concedimos término de diez (10) días para contestar la Queja incoada. La licenciada Aponte Cabrera compareció el 27 de mayo de 2008 y alegó problemas con el recibo de su correspondencia. Solicitó término de treinta (30) días para replicar a la Queja, el cual fue concedido. Posteriormente, se le concedió término de diez (10) días para contestar la Queja enmendada.

Así las cosas, el 12 de diciembre de 2008, emitimos una Resolución concediéndole término final de cinco (5) días para que cumpliera con lo ordenado. Aunque esta Resolución fue diligenciada por un Alguacil a las dos (2) direcciones de récord (a saber, la confidencial y la de Las Lomas), su diligenciamiento fue infructuoso por no encontrar a la licenciada Aponte Cabrera (10 de diciembre de 2008). Su madre informó que al momento no sabía de su paradero. **En esta etapa es menester indicar que la licenciada Aponte Cabrera tenía conocimiento de la Queja incoada y como explicaremos más adelante compareció ante este Foro en otra Queja el 10 de diciembre de 2009.**

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

La **Queja Núm. AB-2008-0175** del 20 de junio de 2008 fue presentada por dos (2) confinados, el Sr. Cruz Robles Calderón y el Sr. Lorenzo Reyes Parrilla.  En dicha Queja los quejosos alegaron que habían contratado los servicios de la licenciada Aponte Cabrera para que los representara. Argumentaron que la licenciada Aponte Cabrera los había ido a visitar a la institución carcelaria y que, a tales efectos, la esposa del confinado Cruz Robles Calderón entregó la suma de cuatro mil dólares ($4,000) a la licenciada Aponte Cabrera en concepto de gastos y honorarios. Posteriormente, conforme alegó el quejoso su esposa le entregó, entre otras, la suma de mil dólares ($1,000) y mil setecientos dólares ($1,700), en concepto de honorarios de abogados.  Acotó el quejoso que luego la licenciada Aponte Cabrera visitó en tres (3) ocasiones la residencia de su esposa peticionando la entrega de mil quinientos dólares adicionales ($1,500), de mil dólares ($1,000) y de mil dólares ($1,000), respectivamente. Más adelante, la licenciada Aponte Cabrera requirió la suma adicional de dos mil quinientos dólares ($2,500). El quejoso acompañó los recibos correspondientes, excepto de una de las cantidades otorgadas.

En la Querella incoada el confinado atestó que la licenciada Aponte Cabrera solo lo visitó en dos (2) ocasiones y que el único trámite efectuado fue la presentación de una Moción Bajo la Regla 192.1.  Plantea

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

el quejoso que había acordado con la licenciada Aponte Cabrera que ésta presentaría una apelación ante el Tribunal Supremo de los Estados Unidos, pero solo instó la aludida moción. Arguyó que desconoce lo ocurrido con su petitorio.

En cuanto al Sr. Lorenzo Reyes Parrilla, éste señaló que aunque no suscribió un contrato escrito con la licenciada Aponte Cabrera, le pagó la suma de tres mil quinientos dólares ($3,500) como abono a los servicios profesionales. Ambos confinados peticionaron que la licenciada Aponte Cabrera les devolviera las cantidades ofrecidas por sus servicios.

Presentada la Queja el 19 de agosto de 2008, le ordenamos a la licenciada Aponte Cabrera que emitiera su contestación. Ante su incomparecencia el 11 de septiembre de 2008, reiteramos nuestro petitorio para que compareciera en un término de cinco (5) días. Transcurrido el término concedido, recibimos misiva de los quejosos el 29 de septiembre de 2008, señalando que la licenciada Aponte Cabrera no había contestado a nuestro requerimiento.

Así las cosas, el 10 de diciembre de 2008, emitimos Resolución concediéndole término final de cinco (5) días para que compareciera. Allí apercibimos a la licenciada Aponte Cabrera que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión del

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

ejercicio de la profesión. Ordenamos la notificación personal de dicha Resolución. Dicha gestión fue infructuosa. El Alguacil informó que su oficina estaba cerrada, estando ocupada por una compañía de seguros, y la madre de la licenciada Aponte Cabrera le había informado que su hija estaba enferma aislándose de las personas a su alrededor.

Se le remitió la documentación de esta Queja a la dirección confidencial. De igual manera, el diligenciamiento negativo por los Alguaciles fue a esta dirección.

Por su parte en la **Queja Núm. AB-2008-026** surge del Informe del Procurador General que el 2 de noviembre de 2007, compareció a la Oficina del funcionario la señora Magdalena Pomales a fin de incoar una Queja en contra de la licenciada Aponte Cabrera. Alegó la quejosa que para finales del 2003 había contratado los servicios profesionales de la abogada para que la representara en una reclamación civil ante el Tribunal Federal para el Distrito de Puerto Rico en contra de Celulares Telefónica, Inc. A tales efectos realizó pagos parciales por la suma de siete mil dólares ($7,000). Apuntó que el recurso instado ante el foro federal local fue desestimado, así como una apelación presentada ante la Corte del Primer Circuito de Boston. La razón de las desestimaciones fue la alegada falta de diligencia de la licenciada Aponte

AB-2006-166     AB-2007-248     AB-2008-026     AB-2009-129
AB-2006-312     AB-2007-292     AB-2008-175     AB-2009-232
AB-2007-213     AB-2007-306     AB-2008-226

Cabrera. Acotó que, previo a que se desestimara el caso, llamó y remitió mensajes a la letrada que no respondió.

Informó, además, la quejosa que la licenciada Aponte Cabrera había asumido su representación legal en torno a una investigación federal que se había iniciado por parte de Medicare a su patrono. En dicho caso, la licenciada Aponte Cabrera recomendó a la quejosa se declarara culpable por lo que fue finalmente convicta. Posteriormente, no tuvo comunicación con la letrada por lo que contrató nueva representación legal y fue a través de dicha abogada que pudo obtener la alegada evidencia con que contaba la Fiscalía Federal, evidencia que nunca fue gestionada por la licenciada Aponte Cabrera. Al evaluar dicha evidencia se percató que la misma era la que ella había proporcionado como parte de un proceso de cooperación. Alegó que no procedió a retirar su alegación de culpabilidad ante la realidad de que había aceptado una responsabilidad de la cual, conforme su parecer, no era responsable.

En conclusión, la quejosa señaló que la licenciada Aponte Cabrera había sido negligente en la tramitación de sus causas.

Ante lo anterior, el 30 de noviembre de 2007, el Procurador General remitió comunicación a la licenciada Aponte Cabrera para que emitiera su contestación. La carta no fue reclamada por la letrada. Posteriormente, el 27 de

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

noviembre de 2007, el Procurador General envió una segunda comunicación. Transcurrido el término concedido la abogada no había comparecido. A tales efectos, el Procurador General peticionó que tomáramos conocimiento de lo informado.

Examinado el Informe del Procurador General emitimos Resolución el 26 de marzo de 2008, concediéndole término de diez (10) días para que compareciera. Allí apercibimos a la licenciada Aponte Cabrera que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión. Ordenamos la notificación personal de dicha Resolución. Dicha gestión fue infructuosa. Surge del expediente Moción Informativa del Procurador General señalando que nuestro requerimiento no ha sido contestado.

Se le remitió la documentación de esta Queja a la dirección confidencial. De igual manera, el diligenciamiento negativo por los Alguaciles fue a esta dirección.

En la **Queja AB-2008-0226** el Procurador General informa que su oficina ha notificado a la licenciada Aponte Cabrera en tres (3) ocasiones diferentes la presentación de la Queja No. 08-060 a todas las direcciones que aparecen en el Registro de Abogados que mantiene activa la Secretaría de nuestro Tribunal, así como la del Colegio de Abogados sin resultado alguno. A

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

su vez, y a pesar de haberlo intentado, no se han podido comunicar por vía telefónica con la licenciada Aponte Cabrera. Nos peticionaron que tomáramos conocimiento de la información.

El 29 de septiembre de 2008, emitimos Resolución concediéndole término de diez (10) días para que compareciera. Allí apercibimos a la licenciada Aponte Cabrera que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión al ejercicio de la profesión. Ordenamos la notificación personal de dicha Resolución. Dicha gestión fue infructuosa. El Alguacil informó que su oficina estaba cerrada y la madre de la licenciada Aponte Cabrera le había informado, nuevamente, que su hija estaba enferma aislándose de las personas a su alrededor. Posteriormente, el 7 de abril de 2009, la Procuradora General peticionó que ordenáramos a la licenciada Aponte Cabrera comparecer y contestar sus requerimientos.

Se le remitió la documentación de esta Queja a la dirección confidencial. De igual manera, el diligenciamiento negativo por los Alguaciles fue a esta dirección y a Las Lomas.

La génesis de la **Queja AB-2009-0129** fue una Petición de Orden de Protección sobre Ley Contra el Acecho en Puerto Rico instada por la Sra. Gladys E. López Rivera contra la licenciada Aponte Cabrera. A tales efectos, la

AB-2006-166   AB-2007-248   AB-2008-026   AB-2009-129
AB-2006-312   AB-2007-292   AB-2008-175   AB-2009-232
AB-2007-213   AB-2007-306   AB-2008-226

Sala de Investigaciones del Tribunal de Primera Instancia, Sala de Río Grande emitió una Orden de Citación dirigida a la licenciada Aponte Cabrera. No pudo diligenciarse dicha Orden.

Ante lo anterior la Sra. Gladys E. López Rivera instó Queja ante este Foro. Presentada la Queja el 4 de junio de 2009, le ordenamos a la licenciada Aponte Cabrera que emitiera su contestación. Ante su incomparecencia el 3 de julio de 2009, reiteramos nuestro petitorio para que compareciera en un término de diez (10) días. Transcurrido el término concedido, la licenciada Aponte Cabrera no había contestado a nuestro requerimiento.

Se remitió documentación original a la dirección confidencial. Posteriormente, se envió una segunda notificación. Las cartas fueron devueltas.

La Queja **AB-2009-0232** fue instada por el Sr. José M. Santiago Vega el 10 de septiembre de 2009. Acotó que la licenciada Aponte Cabrera representa a su ex esposa en un pleito de revisión de pensión alimentaria presentado a mediados de 2007. Alegó que la letrada ha intimidado a sus hijos señalándoles que ella es experta en "meter presos a los hombres, en casos como estos". Alega que la interacción de la letrada con sus hijos ha llegado al extremo de visitarlos, salir con ellos, pernoctar con ellos y hasta los tiene como amigos en la red social *Facebook*, copia que nos suministró. A su vez, señaló que

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

la licenciada Aponte Cabrera asumió la representación de Construction Engineering, en un caso contra sus socios, en una empresa de la cual es contralor con el propósito de buscar información sobre sus finanzas personales.

Ante lo anterior remitimos comunicación a la licenciada Aponte Cabrera para que compareciera a este Foro y contestara la Queja. El 10 de noviembre de 2009 dicha letrada compareció. Adujo que la Queja era frívola dirigida a amedrentarla. A su vez, alegó que el asunto había sido traído a la atención de la Honorable Enid Martínez Moya entendiendo ésta que no existía conflicto alguno.

La dirección que obra en las contestaciones de la licenciada Aponte Cabrera es la confidencial (10 de diciembre de 2009).

Por último, debemos mencionar la **Queja AB-2004-045** instada el 23 de febrero de 2004, por la licenciada Irma A. Rodríguez del Departamento de Educación contra el licenciado Miguel A. Díaz Seijo. En apretada síntesis, la licenciada Rodríguez alegó en la Queja incoada que el licenciado Miguel A. Díaz Seijo, empleado del Departamento de Educación, recomendó a la licenciada Aponte Cabrera como Jueza Administrativa del Departamento de Educación, sin mencionar que la licenciada Aponte Cabrera era su abogada en ese momento. A tales efectos, se le canceló el Contrato suscrito entre la agencia y la licenciada Aponte

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

Cabrera. Por su parte, ésta última renunció al caso del licenciado Miguel A. Díaz Seijo.

Posteriormente, la Queja fue referida al Procurador General. Luego de numerosos trámites procesales, el Procurador General peticionó ampliar la investigación requerida a fin de incluir a las licenciadas Jocelyn Carrasquillo Rivera y Aponte Cabrera. El 10 de noviembre de 2005, autorizamos dicha solicitud. El 28 de noviembre de 2005, la licenciada Aponte Cabrera peticionó la entrega de los documentos relacionados a la Queja incoada. El 18 de julio de 2007, instó contestación a la Queja. La licenciada Aponte Cabrera alegó que se había tardado en contestar dado una situación de enfermedad personal. En específico planteó que "se encontraba recuperándose de una condición muy seria de salud, que en varios momentos durante el pasado año nos ha postrado en cama, en una silla de rueda, nos ha obligado a cesar funciones por un tiempo significativo, y nos costó un sinnúmero de contratiempos personales y profesionales". En esta etapa, la Queja se encuentra ante la Procuradora General para su correspondiente Informe.

## II.

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función

AB-2006-166   AB-2007-248   AB-2008-026   AB-2009-129
AB-2006-312   AB-2007-292   AB-2008-175   AB-2009-232
AB-2007-213   AB-2007-306   AB-2008-226

de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re García Incera,* res. en 21 de octubre de 2009, 178 D.P.R.___ (2010), 2010 T.S.P.R. 12, 2010 J.T.S. ___; *In re Colón Rivera*, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re García Incera; In re Maldonado Rivera*, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re García Incera, supra*; *In re Ríos Rodríguez*, res. el 27 de septiembre de 2007, 172 D.P.R. ___ (2007), 2007 T.S.P.R. 176, 2007 J.T.S. 182; *In re Lloréns Sar*, res. el 5 de febrero de 2007, 170 D.P.R. ____ (2007), 2007 T.S.P.R. 31, 2006 J.T.S. 36. Todo abogado tiene la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal, independientemente de los méritos de la queja presentada en su contra. *In re García Incera, supra*; *In re Rodríguez Bigas*, res. el 25 de octubre de 2007, 172 D.P.R. ___ (2007), 2007 T.S.P.R. 202, 2007 J.T.S. 207.

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

Hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, **sino a la jurisdicción disciplinaria de este Tribunal**. *In re García Incera, supra.*

La licenciada Aponte Cabrera ha incumplido con nuestros requerimientos en innumerables ocasiones. Ha sido selectiva en aquellas Quejas a contestar y **cuando contestar**. Aun cuando estaban dilucidándose dos (2) Quejas a la vez, el expediente revela que contestó una, omitiendo así hacerlo en la otra. No podemos dejar al arbitrio de un abogado que Órdenes de este Tribunal cumplir o no. No podemos avalar dicha actuación.

A su vez, y a pesar que se le concedieron prórrogas para presentar su contestación a varias de las Quejas y que se trató de notificar de las distintas Resoluciones emitidas por este Tribunal apercibiéndola de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, la licenciada Aponte Cabrera ha hecho caso omiso.

Un análisis del voluminoso expediente de la licenciada Aponte Cabrera refleja de manera meridiana que la conducta de la licenciada Aponte Cabrera es temeraria y

AB-2006-166    AB-2007-248    AB-2008-026    AB-2009-129
AB-2006-312    AB-2007-292    AB-2008-175    AB-2009-232
AB-2007-213    AB-2007-306    AB-2008-226

constituye un desafío a nuestra jurisdicción disciplinaria.

Todo lo relatado denota una falta de diligencia crasa y un alto grado de indiferencia ante nuestros apercibimientos de sanciones disciplinarias. La conducta de la licenciada Aponte Cabrera representa una falta de respeto hacia los tribunales.

## III.

Por los fundamentos expuestos, se suspende indefinidamente del ejercicio de la abogacía a la Lcda. Marlene Aponte Cabrera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | AB-2006-166 | |
|---|---|---|
| | AB-2006-312 | Conducta |
| Marlene Aponte Cabrera | AB-2007-213 | Profesional |
| | AB-2007-248 | |
| | AB-2007-292 | |
| | AB-2007-306 | |
| | AB-2008-026 | |
| | AB-2008-175 | |
| | AB-2008-226 | |
| | AB-2009-129 | |
| | AB-2009-232 | |

SENTENCIA

San Juan, Puerto Rico, a 13 de mayo de 2010.

Por los fundamentos expuestos, se suspende indefinidamente del ejercicio de la abogacía a la Lcda. Marlene Aponte Cabrera. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo